UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DOROTHY RICHARDSON, ET AL | CIVIL ACTION |
| VERSUS | |
| STATE FARM FIRE AND CASUALTY COMPANY | NO. 08-529-C-M2 |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

Signed in chambers in Baton Rouge, Louisiana, October 21, 2008.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOROTHY RICHARDSON, ET AL                          CIVIL ACTION

VERSUS

STATE FARM FIRE AND CASUALTY                       NO. 08-529-C-M2
COMPANY

## MAGISTRATE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Remand (R. Doc. 7) filed by plaintiffs, Dorothy Richardson, Sheila Marie Richardson, and Kathy Ann Richardson (collectively "plaintiffs"). Defendant, State Farm Fire and Casualty Company ("State Farm"), has filed an opposition (R. Doc. 8) to this motion.

## FACTS & PROCEDURAL BACKGROUND

Plaintiffs filed this suit in the 19th Judicial District Court, Parish of East Baton Rouge, on July 29, 2008. In the petition, they allege that, as a result of hurricane force winds occurring in August 2005 (Hurricane Katrina), their home located at 10005 Elliot Road was moved off of its foundation and sustained structural injury and damage. Plaintiffs contend that, at the time of the damage, the home was insured under a policy of casualty insurance issued by defendant, State Farm. According to the petition, as a result of the dislocation of the home due to the hurricane force winds, the water piping, electrical wiring and natural gas supply lines were dislocated and ruptured, and the unstable conditions required the plaintiffs to convert some appliances to electrical service instead of natural gas. Plaintiffs submitted a proof of loss to State Farm, and State Farm conducted inspections and inquiries relative to the property. Plaintiffs contend that State Farm then tendered

1

"insignificantly small amounts in settlement of Petitioners['] losses," which they rejected. Plaintiffs therefore seek, through this suit, the "amounts due under the contract of insurance for restoration and repair of the house." They allege that State Farm's refusal to pay such sums has been "arbitrary, capricious, and in bad faith." Finally, plaintiffs contend that they were required to employ legal counsel to pursue arbitration negotiations with the defendant in 2007 and to represent them in this litigation, and they therefore seek attorney's fees and all costs of court they incur herein.

State Farm removed plaintiffs' suit to this Court on August 19, 2008 pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, *et seq*, on the ground that diversity jurisdiction exists in this case. Plaintiffs have now filed the present motion, seeking to have this case remanded to state court because the requisite amount is not in controversy for purposes of diversity jurisdiction. Plaintiffs further seek to have State Farm cast with all costs and expenses they have incurred in connection with this motion, pursuant to 28 U.S.C. §1447(c), on the ground that State Farm removed this case despite being aware that the required amount in controversy did not exist at the time of removal.

## **LAW & ANALYSIS**

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy: (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states. It is undisputed that the parties in this matter are citizens of different states. Plaintiffs are citizens of the State of Louisiana, and State Farm is a citizen of Illinois, in that it is a foreign insurer duly organized under the laws of the State of Illinois with its principal place of business in Illinois. Thus, the only issue herein is whether the requisite amount is in controversy for purposes of diversity jurisdiction.

Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75.000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)*; White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand. *Sutherland v. First Nationwide Mortgage Corp.*, 2000 WL 1060362 (N.D. Tex 2000). Under any manner of proof, jurisdictional facts which support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount – a burden which can be met by: (1) showing state procedural rules binding the plaintiff to his/her pleadings;[1] or (2) filing a binding stipulation or affidavit to that effect with the

---

[1] For example, the plaintiffs' state court petition might cite a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause

3

complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

Looking solely at the allegations in the plaintiffs' petition, it is ambiguous as to whether or not their damages in this matter will exceed $75,000.00, exclusive of interest and costs. Although plaintiffs allege that they are entitled to "amounts due under the policy" of insurance issued to them by State Farm covering the property in question, they do not set forth the specific monetary amount sought for repairs performed upon the home at issue. Furthermore, even though plaintiffs assert that they are entitled to penalties since State Farm allegedly acted "arbitrarily, capriciously, and in bad faith" in failing to pay the amounts due under the policy, it is not possible for the Court to definitively determine the potential penalties that could be awarded to plaintiffs under La. R.S. 22:658 and La. R.S. 22:1220 without information concerning the underlying amount of damages for which State Farm could be liable under the policy.[2] Accordingly, because the monetary amount of damages sought under the policy is not alleged in the petition, it is not "facially apparent" from that pleading that plaintiffs' claims in this matter are likely to exceed the federal jurisdictional minimum.

---

and that prohibits the initial *ad damnum* clause from being increased by amendment.

[2] Pursuant to the version of La. R.S. 22:658 in effect at the time of the loss in this suit, August 2005, an insurer could be held liable for penalties of twenty-five percent of the amount found to be due under the policy. An amendment to La. R.S. 22:658, increasing the penalty to fifty percent of the amount found to be due under the policy, became effective on August 15, 2006; however, it is well-established that such amendment is not retroactive. *See, Sher v. Lafayette Ins. Co.*, 2007-2443 (La. 4/8/08), 2008 WL 928486; *Davis v. USAA Cas. Ins. Co.*, 2008 WL 4191273 (W.D.La. 2008). The potential penalty set forth in La. R.S. 22:658, as it existed in 2005, would therefore be applicable to this case. Under La. R.S. 22:1220, an insurer can be held liable for penalties of up to two times the damages sustained or five thousand dollars, whichever is greater.

Because the amount in controversy remains ambiguous after considering the allegations in the petition, the Court must next consider whether State Farm has met its burden of proving, through summary judgment-type evidence, that the requisite amount is in controversy for purposes of diversity jurisdiction. With its opposition to plaintiffs' motion, State Farm has submitted a copy of the "Declarations Page" for the policy in question, which provides the following policy limit coverages:  Dwelling- $69,800.00; Dwelling Extension- $6,980.00; and Personal Property- $38,390.00, totaling $115,170.00 in coverage.  *See*, Exhibit A attached to State Farm's opposition.  State Farm contends that, based upon those policy limits, it has proven that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

The problem with State Farm's argument is that, nowhere in the petition, do the plaintiffs allege that they are seeking the full policy limits in this matter or that the estimated cost of repairs to the house at issue meets or approaches the policy limits.  Instead, in the petition, plaintiffs simply seek "amounts due under the contract of insurance for restoration and repair of the house."  Thus, it appears that plaintiffs are only seeking damages for repair and restoration of the dwelling itself, not for damage to extensions of the dwelling or for the dwelling's contents.  Furthermore, because plaintiffs allege that the damage to the house was reparable, the home was not a "total loss," and the full policy limits relative to the dwelling are therefore not being sought.  Additionally, plaintiffs allege in the petition that State Farm has already paid some unspecified amounts under the policy, further indicating that the full policy limits for the dwelling are not in controversy in this matter.  Thus, State Farm's mere submission of the "Declarations Page," demonstrating the policy limits, does not alone satisfy its burden of proving that the jurisdictional minimum is satisfied in this

5

case. *See, Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)(holding that, in a claim based upon recovery under an insurance policy, it is the "value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy").[3]

To clarify the amount in controversy in this matter, plaintiffs have come forward with receipts evidencing the actual value of their claims and, in doing so, have essentially carried State Farm's burden of proof for it. Plaintiffs have produced receipts related to the repair of the house in question, which were submitted to State Farm with their claim, indicating that the total amount sought herein for repair of the dwelling is $22,823.79.[4] Plaintiffs also seek $1,750.00 in special damages for the cost of a structural evaluation/inspection that had to be performed on the dwelling. Finally, they contend that they are entitled to general and/or special damages since they have been "inconvenienced and aggrieved and have had out of pocket expenses due to State Farm's delay in paying their claim over the past three years." When those claimed damages are considered in conjunction with the potential penalty that could be awarded for State Farm's alleged bad faith failure to pay under the policy pursuant to La. R.S. 22:1220, it appears that the

---

[3] *See also, Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co.*, 1995 WL 442062, at *1 (E.D. La. 1995)(calculating the amount in controversy based upon receipts and affidavits as to the actual damages suffered); *Mediamolle v. State Farm Ins. Co.*, 2008 WL 834378 (E.D. La. 2008)(where a plaintiff does not assert in the petition that the amount of his claim approaches, meets, or exceeds the policy limits, the policy limits are not determinative of the amount in controversy).

[4] Specifically, plaintiffs have submitted receipts from: Quality Electric (for replacement of gas connections with electric) in the amount of $1,877.82; Conn's (for the electric range/oven) in the amount of $805.44; Home Depot (for doors) in the amount of $345.53; and Olshan (for foundation repair) in the amount of $19,795.00. *See,* Exhibit B to plaintiffs' motion to remand.

plaintiffs' damages in this matter are likely to exceed $75,000.00, exclusive of interest and costs.  Specifically, when the damages claimed to be due under the policy ($22,823.79) are added to the amount claimed for the structural evaluation/inspection of the home ($1,750.00) and the potential penalties under La. R.S. 22:1220 (twice the damages claimed, or $49,147.58),[5] the total amount in controversy is $73,721.37, and that figure does not include the additional general and/or special damages claimed by the plaintiffs for inconvenience and out-of-pocket expenses for the last three years or their claimed attorney's fees.[6]  It is not unreasonable to conclude that plaintiffs could be awarded

---

[5] Although plaintiffs contend in their motion that $5,000.00 is the maximum penalty under La.R.S. 22:1220 and that such penalty should be applied herein, the language of R.S. 22:1220 provides that the greater of $5,000.00 or twice the damages sustained should be applied.  Because twice the damages sustained in this case is $49,157.48, which is clearly greater than $5,000.00, that is the maximum penalty that could potentially be awarded in this case, and $49,157.48 is the figure that should be used in determining the amount that is in controversy in this matter.

[6] Plaintiffs contend in their present motion that, although they requested attorney's fees in their petition, further investigation of the statutes in effect at the time of their loss (August 2005) indicates that attorney's fees were not allowed under those statutes at the time.  However, in the Fifth Circuit Court of Appeals decision, *Louque v. Allstate Ins. Co.*, 314 F.3d 776 (5th Cir. 2002), it was explained that, at that time (prior to the 2006 amendment to La. R.S. 22:658), Subpart (B)(1) of La. R.S. 22:658 provided for an award of "reasonable attorney's fees."  It is further noted by the court that, even though La. R.S. 22:1220 does not mandate such relief, both statutes have been held to sustain an attorney's fee award because of the similarity between the two statutes.  *Id.*, p. 780.  The Fifth Circuit went on to find, in *Louque*, that La. R.S. 22:658's attorney fee provision could supply the basis for satisfying the amount-in-controversy minimum, even though the insured in that case had only cited to La. R.S. 22:1220, which does not specifically reference attorney's fees.  In the present case, plaintiffs have cited both La. R.S. 22:658 and 22:1220 in the petition and have made a request for attorney's fees.  Under the rationale of *Louque*, such demand for attorney's fees can be considered in determining whether the amount-in-controversy requirement is satisfied.  *See also, St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998)(Claims for penalties under Louisiana's penalty statutes are considered as part of the amount in controversy for purposes of determining whether the requirements for diversity jurisdiction have been satisfied).

$1,278.63 in additional general and/or special damages and attorney's fees, bringing the total amount in controversy in this matter above $75,000.00, exclusive of interest and costs.

Additionally, State Farm points out that plaintiffs did not include, in their state court petition, an allegation that their damages are less than the amount required for federal diversity jurisdiction as required by La.C.C.P. art. 893(A)(1).[7]  While the failure to include an Art. 893(A)(1) allegation in the state court petition is not, in and of itself, determinative of the amount in controversy, such failure is entitled to "some consideration" in determining whether the jurisdictional minimum is satisfied.  *See, Weber v. Stevenson*, 2007 WL 4441261 (M.D.La. 2007); *Bruce v. Fisher*, 2006 WL 2505908 (W.D.La. 2006)(Failure to include an allegation that the suit is for less than the jurisdictional minimum as required by La. C.C.P. art. 893(A)(1) creates a "'strong presumption' in favor of jurisdiction").  Thus, when the Court considers the total amount of damages claimed under the policy (as evidenced by the receipts produced by the plaintiffs), the potential penalties and attorney's fees that could be awarded, plaintiffs' claim for additional general and/or special damages, and plaintiffs' failure to stipulate in the state court petition that their damages are less than the jurisdictional minimum, the Court finds that it is likely that the plaintiffs' claims in this matter will exceed the $75,000.00, exclusive of interest and costs.  Since plaintiffs have not demonstrated to a "legal certainty" that they will not be able to recover the jurisdictional

---

[7] La.C.C.P. art. 893(A)(1) provides, in pertinent part, that, if a specific amount of damages is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages, a general allegation that the claim is less than the requisite amount is required.  La. C.C.P. art. 893(A)(1).

minimum, exclusive of interest and costs,[8] their motion to remand should be denied.

### **RECOMMENDATION**

For the above reasons, it is recommended that the Motion to Remand (R. Doc. 7) filed by plaintiffs, Dorothy Richardson, Sheila Marie Richardson, and Kathy Ann Richardson, should be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, October 21, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[8] Even though plaintiffs now assert in their remand motion that their demand in this suit is for less than $75,000.00, the facts that the Court must consider in determining whether the requisite amount is in controversy are those that existed at the time of removal, not the plaintiffs' post-removal assertions. Since plaintiffs failed to include a binding stipulation with the state court petition providing that the amount claimed in this suit is less than $75,000.00, exclusive of interest and costs, they failed to prove to a "legal certainty" that they will be unable to recover that amount in this case.